IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CIVIL ACTION NO. 05-cv-00622-RPM-CBS

SECURITIES AND EXCHANGE COMMISSION,

     Plaintiff,

v.

SEALIFE CORPORATION,
ROBERT E. MCCASLIN,
ROLAND M. THOMAS,
ERT TECHNOLOGY CORPORATION,
DOUGLAS A. GLASER,
BARRY S. GRIFFIN,
JEFFREY A. HAYDEN, and
MORGAN J. WILBUR III,

     Defendants.

ORDER DENYING DEFENDANT WILBUR'S MOTION TO DISMISS, OR
ALTERNATIVELY TO TRANSFER VENUE

The Securities and Exchange Commission ("SEC") has brought this action against two corporations and six individuals, alleging violations of various provisions of the Securities Act of 1933, the Securities Exchange Act of 1934, and rules and regulations promulgated under those Acts. Defendant Morgan J. Wilbur, a resident of Florida, moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) and Fed. R. Civ. P. 12(b)(3), arguing that this court lacks personal jurisdiction over him and that this district is an improper venue for the claims against him. Alternatively, Wilbur moves pursuant to 28 U.S.C. §§ 1404(a) and 1406(a) to transfer venue for the claims

against him to the United States District Court for the Southern District of Florida.

Section 22(a) of the Securities Act, 15 U.S.C. § 77v(a), provides in pertinent part:

> The district courts of the United States and the United States courts of any Territory shall have jurisdiction of offenses and violations under this subchapter and under the rules and regulations promulgated by the Commission in respect thereto, and, concurrent with State and Territorial courts, except as provided in section 77p of this title with respect to covered class actions, of all suits in equity and actions at law brought to enforce any liability or duty created by this subchapter. Any such suit or action may be brought in the district wherein the defendant is found or is an inhabitant or transacts business, or in the district where the offer or sale took place, if the defendant participated therein, and process in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found.

Section 27 of the Exchange Act, 15 U.S.C. 78aa, provides:

> The district courts of the United States and the United States courts of any Territory or other place subject to the jurisdiction of the United States shall have exclusive jurisdiction of violations of this chapter or the rules and regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by this chapter or the rules and regulations thereunder. . . . Any suit or action to enforce any liability or duty created by this chapter or rules and regulations thereunder, or to enjoin any violation of such chapter or rules and regulations, may be brought in any such district or in the district wherein the defendant is found or is an inhabitant or transacts business, and process in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found.

These statutes confer personal jurisdiction over the defendant, provided that the requirements of the Fifth Amendment's Due Process Clause are satisfied. *See Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1212 (10th Cir. 2000). "[I]n a federal question case where jurisdiction is invoked based on nationwide service of process, the Fifth Amendment requires the plaintiff's

choice of forum to be fair and reasonable to the defendant." *Id.*

When a federal statute authorizes service of process, the defendant has the burden of showing that the exercise of jurisdiction in the chosen forum will be so inconvenient as to rise to a level of constitutional concern. *Id.* Only in "highly unusual cases" will inconvenience to the defendant rise to that level. *Peay*, 205 F.3d at 1210 (quoting *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 947 (11th Cir. 1997).

The complaint alleges – and Wilbur acknowledges – that one of the brokerage accounts owned by him is an account with the brokerage firm of Spencer Edwards, Inc., in Denver, Colorado. (Compl. ¶ 37(e);Wilbur aff. ¶ 7). Paragraphs 36, 47, and 48 of the complaint allege that Wilbur and other defendants traded the stock of SeaLife Corporation to each other, either directly or through intermediaries, as part of a scheme to manipulate the market for SeaLife stock. Three of the individual defendants involved in the alleged scheme are Colorado residents (defendants Glaser, Griffin, and Hayden). At this stage, the allegations of the complaint are sufficient to show that Defendant Wilbur's connection with Colorado support this court's exercise of personal jurisdiction over him to adjudicate the claims of securities violations alleged by the plaintiff in this action. Although Mr. Wilbur may suffer some inconvenience by having to obtain counsel here and to travel to Colorado for proceedings, that inconvenience is not constitutionally significant.

The defendant's arguments regarding venue also fail. The defendant argues that venue is

not proper in this district, asserting that the allegedly improper trading took place "throughout the United States," but not in Colorado. (Def.'s br. at 10). The defendant has provided no legal authority or factual support for this conclusion. Nor has the defendant shown sufficient grounds for a transfer of venue. The only factor weighing in favor of the proposed transfer is that Mr. Wilbur resides in Florida. That fact is not a sufficient basis for overturning the plaintiff's choice of venue when weighed against the following factors: All of the other defendants are subject to the jurisdiction of this court; venue is proper here; discovery will be conducted here, and the claims against Mr. Wilbur are interwoven with the claims against the other defendants. The claims against all defendants should be adjudicated in one forum.

Based on the foregoing, it is

ORDERED that defendant Wilbur's motion to dismiss, or alternatively, to transfer venue is denied.

Dated: July 11th , 2005

BY THE COURT:

s/Richard P. Matsch

Richard P. Matsch, Senior District Judge