IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

FILED
UNITED STATES D[ISTRICT COURT]
DENVER, C[OLORADO]

OCT 30 2006

GREG[ORY C. LANGHAM]

Civil Action No. 05-CV-622-RPM

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

SEALIFE CORPORATION,
ROBERT E. MCCASLIN,
ROLAND M. THOMAS,
ERT TECHNOLOGY CORPORATION,
DOUGLAS A. GLASER,
BARRY S. GRIFFIN,
JEFFREY A. HAYDEN,
MORGAN J. WILBUR III,

    Defendants.

## AMENDED ~~PROPOSED~~ ORDER OF PERMANENT INJUNCTION AS TO DEFENDANT ROLAND M. THOMAS

The Securities and Exchange Commission ("Commission") having filed a Complaint and Defendant Roland M. Thomas ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Order of Permanent Injunction ("Order of Permanent Injunction") without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Order of Permanent Injunction:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order of Permanent Injunction by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order of Permanent Injunction by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order of Permanent Injunction by personal service or otherwise are permanently restrained and enjoined from violating Rule 101 of regulation M under the Exchange Act [17 C.F.R. § 242.101] by use of the means or instrumentalities of interstate commerce, or of the mails, by directly, or indirectly, bidding for, purchasing, or attempting to induce another person to bid for or purchase, covered securities during a distribution, while being a participant in the distribution (or being an affiliated purchaser of a distribution participant), and during the restricted periods before the distribution is completed.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order of Permanent Injunction by personal service or otherwise are permanently restrained and enjoined from violating Section

13(d) of the Exchange Act [15 U.S.C. § 78m(d)] and Rules 13d-1 and 13d-2 thereunder [17 C.F.R. §§ 240.13d-1, 240.13d-2] by failing to timely file with the Commission a statement containing the information required by Section 13(d) and the Rules thereunder after acquiring, directly or indirectly, the beneficial ownership of more than five percent of the class of any equity security registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or by failing to timely file with the Commission an amendment to any filed statement containing the information required by Section 13(d) and the Rules thereunder after any material change occurs in facts set forth in the statement including, but not limited to, any material increase or decrease in the percentage of the class of the equity security beneficially owned.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order of Permanent Injunction by personal service or otherwise are permanently restrained and enjoined from violating Section 16(a) of the Exchange Act [15 U.S.C. § 78p(a)] and Rule 16a-3 thereunder [17 C.F.R. § 240.16a-3] by failing to timely file with the Commission a statement containing the information required by Section 16(a) and the Rules thereunder while having, or after acquiring, directly or indirectly, the beneficial ownership of more than 10 percent of the class of any equity security registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or while serving as a director or officer of the issuer of any such security.

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Order of Permanent Injunction by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or

attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

## VIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $126,688, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $22,792, for a total of $149,480. Defendant shall owe this amount jointly and severally with Defendant ERT Technology Corporation. The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after ten days following entry of this Order of Permanent Injunction. In response to any such civil contempt motion by the Commission, the defendant may assert any legally permissible defense. Payments under this paragraph shall be made to the Clerk of this Court, together with a cover letter identifying Roland M. Thomas as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Order of Permanent Injunction. Defendant shall simultaneously transmit photocopies of each such payment and letter to the Commission's counsel in this action. Defendant relinquishes all legal and equitable right, title, and interest in such payments, and no part of the funds shall be returned to Defendant. The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of interest bearing account that is utilized by the Court. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In

accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States. The Commission may propose a plan to distribute the Fund subject to the Court's approval. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

## IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Court shall determine the amount of the civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] upon motion by the Commission. In connection with the Commission's motion for civil penalties: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Consent or the Order of Permanent Injunction; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.

X.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

XI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Order of Permanent Injunction.

XII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Order of Permanent Injunction forthwith and without further notice.

Dated: October 30, 2006

_____
UNITED STATES DISTRICT JUDGE