IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00622-RPM

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

v.

SEALIFE CORPORATION,
ROBERT E. McCASLIN,
ROLAND M. THOMAS,
ERT TECHNOLOGY CORPORATION,
DOUGLAS A. GLASER,
BARRY S. GRIFFIN,
JEFFREY A. HAYDEN, and
MORGAN J. WILBUR III,

        Defendants.
_____

ORDER DENYING MOTION FOR DETERMINATION OF CIVIL PENALTY AGAINST
DEFENDANT ROLAND M. THOMAS
_____

On October 30, 2006, this Court entered an Amended Order of Permanent Injunction as to Defendant Roland M. Thomas, pursuant to his Consent to Order of Permanent Injunction, also filed October 30, 2006. Section IX of that order provided that the Court shall determine the amount of the civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] upon motion by the Commission and further provided that in connection with that motion the defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the complaint and that the Court may determine the issues raised based on affidavits, declarations, excerpts of sworn

deposition or investigative testimony and documentary evidence without regard to Fed.R.Civ.P. 56(c).

On December 1, 2006, the Securities and Exchange Commission filed its Motion for Determination of Civil Penalty Against Defendant Roland M. Thomas and set forth the standards for first tier, second tier, and third tier penalties.  No specific amount was requested but the plaintiff contended for a third tier penalty.  In the consent by defendant Thomas, there is an acknowledgment of a right to an evidentiary hearing with regard to a motion for a civil penalty and a waiver of such a hearing.  Mr. Thomas is a citizen of the United Kingdom where he was at the time of signing the consent.  The motion was sent to him at an e-mail address as follows:

> Roland Thomas, pro se
> jart351.armin@virgin.net.

It is uncertain whether he received it.  On June 22, 2007, Chief Judge Nottingham entered an order revoking the previously approved request for Mr. Thomas for filing and notice rights because of multiple undeliverable notices of electronic filing.  The last known mailing address for this defendant is c/o 230 Dyke Road, Brighton, BNI 5AE, UK.

A civil penalty involves a determination that the securities law violations resulted from culpable conduct and the implications of such a finding go beyond a mere payment.  The consequences may significantly affect Mr. Thomas' reputation and economic liability.

Under the circumstances presented here, it is this Court's view that to proceed to

determine the amount of a civil penalty without an evidentiary hearing would be a violation of fundamental due process under the United States Constitution.  It is therefore

ORDERED that the motion for civil penalty is denied.

Dated: August 7th, 2007

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge

CERTIFICATE OF SERVICE

      I certify that on August 7, 2007, a copy of the foregoing Order Denying Motion for Determination of Civil Penalty Against Defendant Roland M. Thomas was mailed via U.S. Mail to the following:

Roland M. Thomas
c/o 230 Van Dyke Road
Brighton, BNI 5AE
U.K.

                                         GREGORY C. LANGHAM, Clerk

                                             M. V. Wentz
                               By_____
                                                Deputy