IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00622-RPM

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

v.

SEALIFE CORPORATION,
ROBERT E. McCASLIN,
ROLAND M. THOMAS,
ERT TECHNOLOGY CORPORATION,
DOUGLAS A. GLASER,
BARRY S. GRIFFIN,
JEFFREY A. HAYDEN, and
MORGAN J. WILBUR III,

        Defendants.
_____

ORDER FOR SEVERANCE OF CLAIMS AGAINST DEFENDANT SEALIFE
CORPORATION AND ROBERT E. McCASLIN AND FOR TRANSFER TO THE
CENTRAL DISTRICT OF CALIFORNIA
_____

      Upon consideration of the motion, filed September 14, 2007, by defendants Sealife Corporation and Robert E. McCaslin to sever claims for relief against them and to transfer those claims to the United States District Court for the Central District of California; the plaintiff's response in opposition; the moving defendants' reply and after hearing the statements of counsel at the hearing held on October 19, 2007, the Court finds and concludes that the motions should be granted.  The declarations attached to the defendants' motions are persuasive in showing that the moving defendants would be severely prejudiced by proceeding to trial in this district in that the principal activities of these defendants occurred in Los Angeles, California; that non party witnesses

residing in California are essential to the defense of the claims against these defendants who are beyond the range for subpoenas from this court and that the taking of their testimony by deposition is not a suitable alternative. The other defendants remaining in this civil action have not opposed this motion and the plaintiff will not be prejudiced by the requested severance and transfer. Accordingly, it is now

ORDERED that the claims by the plaintiff against the defendants Sealife Corporation and Robert E. McCaslin are severed from the claims against the other remaining defendants pursuant to Fed.R.Civ.P. 20(b) as separate trials are necessary to avoid prejudice as contemplated by Fed.R.Civ.P. 42(b) and that venue for the trial of those claims should be transferred under 28 U.S.C. § 1404 for the convenience of the moving parties and witnesses and in the interest of justice and that the appropriate venue is United States District Court for the Central District of California, Western Division, and that the transferee court is not limited by the scheduling order previously entered in this court and may proceed with its own case management procedures.

Dated: October 22nd, 2007

BY THE COURT:

s/Richard P. Matsch
_____
Richard P. Matsch, Senior District Judge